# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

JOHN D. HOSPELHORN AND WILLIAM F. AYRES, ANCILLARY
RECEIVERS, ETC. v. CHARLES S. CORBIN.

March 2, 1942.

Record No. 2492.

Present, All the Justices.

The opinion states the case.

*William F. Ayres* and *W. A. Dickinson*, for the plaintiffs in error.

*Benjamin W. Mears, L. H. Mears* and *Howard H. Adams*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Charles S. Corbin, a resident of Baltimore in 1930, acquired 100 shares of stock in the Baltimore Trust Company. The statute law of Maryland rendered this stock liable to an assessment of $10 per share in the event the corporation became insolvent and its assets were insufficient to discharge its obligations to creditors. Later, Corbin became a citizen of Northampton county, Virginia.

On January 5, 1935, John D. Hospelhorn, a deputy bank commissioner, was duly appointed receiver to liquidate the

assets of the then insolvent Baltimore Trust Company. On November 13, 1935, Circuit Court No. 2 of the city of Baltimore imposed an assessment of $10 per share on each share of stock in the company then outstanding. In the order making the assessment, the receiver was authorized "to take and institute such proceedings and suits against any and all parties liable as may be advisable and necessary."

The first notice of motion, instituted in the Circuit Court of Northampton county by the receiver against Charles S. Corbin to recover the amount of the stock assessment, was dismissed. This court declined to review the judgment of dismissal on the ground that a foreign receiver was not authorized to maintain an action in the courts of this State. Thereafter, the Circuit Court of Northampton county appointed ancillary receivers, who instituted this action.

The defendant filed two pleas. One alleged that the action was barred because it was not brought within three years, and the other alleged that the action was barred because it was not brought within five years. The trial court sustained the plea of the three-year limitation and dismissed the action. From that judgment this writ of error was awarded.

The question presented is—What period of limitation is applicable to actions brought to enforce stockholders' double liability created by the laws of another State.

The general rule is that the statute of limitations of the jurisdiction in which the action is brought and the remedy is sought to be enforced controls, and not the statute of limitations in force in the jurisdiction in which the contract was made. In other words, the *lex fori* determines the time in which a cause of action shall be enforced. See 34 Am. Jur. 51; Burks Pl. & Prac. (3 Ed.) 364. Hence, the twelve-year limitation, applied by the Maryland court to a similar action in *Sterling* v. *Reecher*, 176 Md. 567, 6 A. (2d) 237, cited and relied upon in plaintiffs' brief, is not applicable.

Code, sec. 5810, prescribes the periods of limitation for personal actions generally. It fixes the period of limitation for contracts under seal at 10 years, and for written awards and contracts not under seal at 5 years. The pertinent provision is: "Every action to recover money * * * shall be

brought \* \* \* ; and if it be upon any other contract express or implied within three years," with certain exceptions not material to this case.

Section 5818 provides: "Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

Which of the two statutes controls this class of cases is an open question in Virginia. Two of the strongest reasons urged by plaintiffs for this court to apply the five-year period of limitation are: (1) That the statutes of West Virginia are very similar to the statutes of Virginia, and West Virginia applies statutes containing similar provisions to those found in section 5818; and (2) that Judge Paul, in the District Court for the Western District of Virginia, has so construed the Virginia statute.

An examination of the West Virginia statutes reveals that the periods of limitations, in its two statutes similar to Virginia Code, sections 5810 and 5818, are the same—that is, the period of limitation stated in each statute in West Virginia is five years.

In *Pyles* v. *Carney*, 85 W. Va. 159, 101 S. E. 174, the court applied the five-year period of limitation and, in support of that conclusion, cited sec. 12, ch. 104, of West Virginia Code, sec. 4425. It appears that the point now under consideration was not argued, because it was immaterial which statute the court applied. In either event the period of limitation was the same.

In *Rinehart* v. *Wilfong*, 121 W. Va. 24, 1 S. E. (2d) 174, it is said: "The one essential point decided in the *Pyles case*, therefore, was the nature of the liability, which, in turn, would determine the applicable statute of limitations. This court held that the obligation was contractual and consequently the five year statute of limitations applied." From this language it appears that the West Virginia court applied

the West Virginia statute corresponding to section 5810 of the Virginia Code.

In *Hall* v. *Ballard*, 90 F. (2d) 939, District Judge Wyche, speaking for the Circuit Court of Appeals for the Fourth Circuit, in an action brought to enforce the stockholders' liability on stock in the Peoples National Bank of Abingdon, Virginia, stated that the Virginia and West Virginia statutes of limitation were identical and that the period of limitation was five years in each State. However, if a distinction had been necessary and had been pointed out to the court in that case, the period of limitation fixed by the West Virginia statute, and not the Virginia statute, would have been controlling. It was unnecessary to determine which statute of limitation applied, as it appeared that the action was instituted within less than three years from the date the cause of action arose.

It is true that Judge Paul, in *Cable* v. *Commercial, etc., Bank,* 31 F. Supp. 628, 629, said: "In the case of *Bond, Receiver* v. *Williamson* (September, 1937), this court held that the liability of a stockholder in a national bank was a statutory one and not contractual. *McClaine* v. *Rankin,* 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500. That the right of action on an assessment on such stock was not one as to which the Virginia law had fixed a specific period of limitation and that, therefore, it was governed by the Sec. 5818 of the Virginia Code, providing that 'Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued * * *.'"

The opinion in *Bond, Receiver* v. *Williamson,* referred to, was never published and hence we do not have the benefit of Judge Paul's reasoning in applying section 5818.

Judge Parker, in *Chisholm* v. *Gilmer,* 81 F. (2d) 120, 125 (see 299 U. S. 99), said: "As the subscription was a joint subscription and the stock was held in trust for the subscribers jointly, the liability for stock assessment was also joint, being 'contractual,' and arising from the 'subscription to the stock.' *Matteson* v. *Dent,* 176 U. S. 521, 525, 20 S. Ct.

419, 421, 44 L. Ed. 571; *Richmond* v. *Irons,* 121 U. S. 27, 55, 7 S. Ct. 788, 30 L. Ed. 864."

The North Carolina statute of limitation reads, in part, as follows:

"441. Three years. Within three years an action—

"1. Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections.

"2. Upon a liability created by statute, other than a penalty or forfeiture, unless some other time is mentioned in the statute creating it."

▉ Judge Parker, in *Briley* v. *Crouch,* 115 F. (2d) 443, held that the limitation in subsection 2 above was applicable to the liability of a stockholder imposed by statute. The language of the statute expressly so declares. The legislature of North Carolina has made a distinction between the obligation of a contract express or implied and a liability created by statute. There is no such distinction found in the Virginia statutes. The language of Virginia Code, sec. 5810, is broad and comprehensive. It fixes the period of limitation of obligations, based on contracts not otherwise specifically covered, in this language: The limitation "on *any other* contract express or implied shall be three years." The provisions of section 5818 are applicable to personal actions *only* in the event that such limitations are not covered by the general provision of section 5810.

The nature of the added liability of stockholders has been defined by the Supreme Court of the United States in numerous cases. In *Richmond* v. *Irons,* 121 U. S. 27, 55, 7 S. Ct. 788, 30 L. Ed. 864, the court said: "Under that act the individual liability of the stockholders is an essential element in the contract by which the stockholders became members of the corporation. It is voluntarily entered into by subscribing for and accepting shares of stock. Its obligation becomes a part of every contract, debt, and engagement of the bank itself, as much so as if they were made directly by the stockholder instead of by the corporation. There is nothing in the statute to indicate that the obligation arising upon these un-

dertakings and promises should not have the same force and effect, and be as binding in all respects, as any other contracts of the individual stockholder." This statement of the nature of the liability was followed in *Matteson* v. *Dent*, 176 U. S. 521, 525, 20 S. Ct. 419, 44 L. Ed. 571; *Concord First Nat. Bank* v. *Hawkins*, 174 U. S. 364, 19 S. Ct. 739, 43 L. Ed. 1007; *Drain* v. *Stough*, 61 F. (2d) 668, 87 A. L. R. 490; *Broderick* v. *McGuire*, 119 Conn. 83, 174 A. 314, 94 A. L. R. 890; *Hospelhorn* v. *Burke*, 196 Ark. 1028, 120 S. W. (2d) 705; *Vandover* v. *Lumber Underwriters*, 197 Ark. 718, 126 S. W. (2d) 105; *Nebraska Nat. Bank* v. *Walsh*, 68 Ark. 433, 440, 59 S. W. 952, 82 Am. St. Rep. 301; *Converse* v. *Hamilton*, 224 U. S. 243, 257, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292; 7 Am. Jur. 81; 9 C J. S. 185, note 60.

In *Matteson* v. *Dent, supra,* this is said: "The obligation of a subscriber to stock, to contribute to the amount of his subscription for the purpose of the payment of debts, is contractual, and arises from the subscription to the stock. True, whether there is to be a call for the performance of this obligation depends on whether it becomes necessary to do so in consequence of the happening of insolvency. But the obligation to respond is engendered by and relates to the contract from which it arises. This contract obligation, existing during life, is not extinguished by death, but like other contract obligations survives and is enforceable against the estate of the stockholder."

However, the above construction of the liability was modified in *McClaine* v. *Rankin*, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500. Mr. Chief Justice Fuller, speaking for the majority of the court, held that the added liability of a stockholder in a national bank was not within the purview of the statute of limitations of the State of Washington. This statute, in part, reads:

"Sec. 4800. Within three years: * * *.

"3. An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument."

However, he held that the liability was within the purview of the following statute:

"Sec. 4805. An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

The minority opinion in this case, written by Mr. Justice White with two other justices concurring, seems more logical. In the course of the minority opinion this is said: "* * * the prior decisions of this court * * * seem conclusive, since, in deciding various questions concerning the liability of stockholders in national banks to pay the double liability, this court has expressly held that such liability is contractual."

The *McClaine* v. *Rankin case, supra,* was decided in March, 1905. In 1907 the question was again before the court in *Bernheimer* v. *Converse,* 206 U. S. 516, 530, 27 S. Ct. 755, 51 L. Ed. 1163, where this is said:

"It may be regarded as settled that upon acquiring stock the stockholder incurred an obligation arising from the constitutional provision, contractual in its nature and, as such, capable of being enforced in the courts not only of that State, but of another State and of the United States, *Whitman &c.* v. *Bank,* 176 U. S. 559, although the obligation is not entirely contractual and springs primarily from the law creating the obligation. *Christopher* v. *Norvell,* 201 U. S. 216.

"Is there anything in the obligation of this contract which is impaired by subsequent legislation as to the remedy enacting new means of making the liability more effectual? The obligation of this contract binds the stockholder to pay to the creditors of the corporation an amount sufficient to pay the debts of the corporation which its assets will not pay, up to an amount equal to the stock held by each shareholder. That is his contract, and the duty which the statute imposes, and that is his obligation. Any statute which took away the benefit of such contract or obligation would be void as to the creditor, and any attempt to increase the obligation beyond that incurred by the stockholder would fall within the prohibition of the Constitution."

The nature of the added liability was before the Connecticut court in 1934 in *Broderick* v. *McGuire, supra,* where this is said: "* * * that each of these defendants by becoming

a stockholder in the bank entered into a relationship contractual in its nature, * * * . The obligation growing out of the contractual relationship included any lawful liability of a stockholder created by those statutes to respond to calls in order to meet the claims of creditors in the manner provided by the law. *Shriver* v. *Woodbine Savings Bank*, 285 U. S. 467, 476, 52 S. Ct. 430, 76 L. Ed. 884; *Hirning* v. *Hamlin*, 200 Iowa 1322, 1326, 206 N. W. 617; *Duke* v. *Olson*, 240 Ill. App. 198, 204. This contractual relationship was voluntarily assumed by each of the defendants when he became a stockholder in the company. Stockholders resident in this state suffer no loss which those resident in New York do not suffer and are subject to no liability which is not equally imposed upon stockholders in New York."

Mr. Justice Cardozo, in *Brown* v. *O'Keefe*, 300 U. S. 598, 57 S. Ct. 543, 548, 81 L. Ed. 827, stated: "No disclaimer by the stockholder would be effective to avoid it. Even so the liability, created though it is by statute, is quasi contractual in its origin and basis. * * * *It is an incident affixed by law to the contract of membership between shareholder and bank.* Id. *A liability upon quasi contract is one upon an 'implied contract,'* and so provable in bankruptcy, * * * if the other conditions of allowance are found to be fulfilled." (Italics ours.)

Investigation of the principles involved in this case reveals that prior to the decision in *McClaine* v. *Rankin, supra,* the Supreme Court of the United States had consistently held that the added liability of a stockholder was a contractual obligation with the same force and effect and as binding as any other contract of individual stockholders. Subsequent to the date of the decision in the *McClaine case,* the Supreme Court has held (1) that the right given to creditors, under a statute creating double liability of stockholders, is such a contractual right that any subsequent statute which takes away the benefit of such contractual obligation is void as to creditors, and any attempt to increase the obligation beyond that incurred by the stockholder falls within the constitutional provision prohibiting the impairment of the obligation of contracts; and (2) that the liability created by such a

statute is a liability upon an implied contract and is provable in bankruptcy.

Even if we regard *McClaine* v. *Rankin, supra,* as an authority binding upon this court in a proper case, the pertinent language of the Virginia Code, section 5810, is broader and more comprehensive than the language of the statute of Washington applied in that case.

The super-added liability was created by the Maryland statute in this language: "Stockholders of every bank and trust company shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of every such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock." Laws of Maryland, 1910, Art. XI, sec. 68.

The obligation so created became an integral part of every contract of subscription. It adhered to the stock with every transfer of ownership to third parties. So long as the statute remained in force, neither the liability created by it nor the ownership of the stock could exist without the other. If the super-added liability of a stockholder is such a contractual right that no subsequent act of a legislature can impair the obligation by repeal of the statute and it is a contractual obligation provable in bankruptcy, then the foundation of the liability is contractual. It is illogical to hold that this liability creates a contractual obligation provable in bankruptcy and a right which cannot be impaired by subsequent legislation, and then to hold that it is not contractual within the provisions of Code, sec. 5810.

The provisions of this section, fixing the periods of limitation on contracts generally, specifically mention three classes of contracts: (1) Contracts under seal, (2) written contracts not under seal, and (3) "any other contract express or implied." The language used in these classifications is all inclusive. No obligation based on a contract, whether written, verbal or implied, is omitted.

The Maryland statute further provides: "* * * and the liability of such stockholders shall be an asset of the corpora-

tion for the benefit ratably of all the depositors and creditors of any such corporation, if necessary to pay the debts of such corporation, and shall be enforceable *only* by appropriate proceedings by a receiver, assignee or trustee of such corporation *acting under the orders* of a court of competent jurisdiction." (Italics supplied.)

The statute of limitations did not begin to run until November 13, 1935, on which date the court ascertained the extent of the liability and ordered the receiver to enforce it. Since this action was not instituted within the time stated in section 5810, the trial court correctly held that the plea of the three-year statute of limitations was applicable.

The judgment of the trial court is

*Affirmed.*