## Richmond

Burnley Friedman v. Peoples Service Drug Stores, Incorporated.

April 22, 1968.

Record No. 6659.

Present, Eggleston, C.J., Buchanan, Snead, l'Anson, Gordon and Harrison, JJ.

*Affirmed.*

*Stanley E. Sacks; Allan D. Zaleski* (*Sacks, Sacks & Kendall,* on brief), for plaintiff in error.

*Jack E. Greer* (*Williams, Cocke, Worrell & Kelly,* on brief), for defendant in error.

Snead, J., delivered the opinion of the court.

The sole question presented by this appeal is whether the trial court erred in sustaining defendant's plea of the statute of limitations and dismissing plaintiff's action.

On August 5, 1965, Burnley Friedman, plaintiff, filed a motion for judgment against Peoples Service Drug Stores, Incorporated, defendant. The motion alleged, in substance, that "in August, 1963," defendant negligently failed to fill a prescription of medicine for plaintiff as directed by his physician, and that as a direct and proximate result of such negligence plaintiff suffered personal injuries. Plaintiff sought a recovery of $5,000. In its grounds of defense, defendant denied that plaintiff sustained any injuries or damages as a result of

any negligence on its part. The defendant also pleaded that plaintiff's claim was barred by the "applicable statutes of limitations."

The plaintiff then moved the court for leave to file an amended motion for judgment, stating that he had inadvertently failed to include in his original motion "facts and allegations" as to breach of warranty and breach of contract. The motion was granted and plaintiff filed his amended motion for judgment. It contained two counts.

The first count alleged, insofar as is pertinent here, that on July 29, 1963, defendant, through its servants and employees, did "negligently and carelessly fill, provide, dispense, and sell * * * an improper, dangerous, erroneous, wrong and harmful medicine" to plaintiff; that defendant negligently failed to fill the prescription as directed by plaintiff's attending physician; that defendant breached its warranty, both express and implied, by not dispensing medicine which was proper and reasonably fit for its intended purpose, and that as a proximate result of defendant's negligence plaintiff became sick and disabled.

The second count alleged that on July 29, 1963, defendant breached its contract to furnish plaintiff with medicine which was fit for its intended purpose, thereby directly causing his injuries. The defendant filed, among other pleadings, a plea of the statute of limitations to the amended motion for judgment. Following argument on the plea, the trial court in a letter opinion ruled:

"Under the provisions of § 8-24 of the Code of Virginia, 1950, as amended, 'Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued.' As is contended by counsel for the defendant, it is the object of the motion for judgment and not its form which determines the limitation. This being an action for personal injuries, the court is of the opinion that it is immaterial that there are allegations of breach of warranty or contract as well as negligence, and the occurrence which is the subject matter of the motion for judgment having taken place on July 29, 1963, and plaintiff's motion for judgment, not having been filed until the 5th of August, 1965, is barred by the statute of limitations."

In conformity with the views expressed, the trial court, by order entered September 27, 1966, sustained the plea of the statute of limitations to the motion for judgment, to both counts of the amended motion for judgment, and dismissed the action. It is from this order that plaintiff sought and was awarded a writ of error.

. Code, § 8-24 provides:

"*Of actions not before specified.*—Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued. The amendment extending the period within which an action for personal injuries may be brought under this section to two years shall not apply to any cause of action arising prior to July one, nineteen hundred fifty-four. (Code 1919, § 5818; 1954, c. 589.)"

Friedman concedes here that § 8-24 precludes him from proceeding on the theory of tort as his action was instituted more than two years after defendant's alleged act of negligence. However, he contends that the trial court erred in sustaining defendant's plea of the statute of limitations to those portions of the amended motion for judgment relating to breach of contract and breach of warranty because they are governed by Code, § 8-13[1] which specifies a three-year period of limitation.

Thus, we are called upon to decide whether an action to recover for personal injuries based on a breach of warranty or contract is governed by the two-year limitation of § 8-24, or the three-year limitation of § 8-13 as contended by plaintiff.

The provisions of the Uniform Commercial Code, if applicable, have no effect on the case at bar since the cause of action accrued prior to January 1, 1966, the effective date of the Act. § 8.2-725 (4).

Friedman argues that the phrase "Every action for personal injuries" contained in the first sentence of § 8-24 applies only to those actions based on negligence or tort. In support of his position, he cites *Hospelhorn* v. *Corbin*, 179 Va. 348, 353, 19 S.E. 2d 72, 74. In that case we said: "The provisions of section 5818 [now § 8-24] are applicable to personal actions *only* in the event that such limitations

---

[1] "§ 8-13. *Limitation of personal actions generally.*—Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have first accrued, that is to say:

\* \* \* \* \* \*

"If it be upon any other contract express or implied within three years, \* \* \*."

are not covered by the general provision of section 5810." (Now § 8-13).

However, *Hospelhorn* is not controlling in the instant case as § 8-24 was later amended. In 1954 the General Assembly added the sentence at the beginning of the section which states: "Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued."

Friedman invites our attention to the caption or headline of §. 8-24, which reads: "Of actions not before specified". He argues that the right to bring his action was specified in § 8-13, a prior section, and thus § 8-24 is not applicable. However, we observe that neither § 8-13 nor any other section in Chapter 2 of Title 8, which deals with limitation of suits, mentions actions for "personal injuries" except § 8-24. The headline in question does not appear in Chapter 589 of Acts of Assembly, 1954, wherein § 8-24 was amended and reenacted. Moreover, Code, § 1-13.9 provides that the headlines of the sections of the Code "are intended as mere catchwords * * * and shall not be deemed or taken to be titles *. * * unless expressly so provided."

It is true, as plaintiff says, an action for breach of warranty involving personal injuries may give rise to two separate causes of action, one in tort and one in contract. He cites *Colonna* v. *Rosedale Dairy Company*, 166 Va. 314, 324, 186 S.E. 94, 99 and relies upon this statement contained therein: "For negligence he must be sued in tort. On an implied warranty he must be sued on contract, the statute of limitations in such cases being respectively one [now two] and three years." Thus, he contends his action based on contract was properly brought within the three-year limitation period. We point out that the above statement was dictum and not necessary to a decision as the case was decided on the question of privity. Moreover, § 8-24 was amended in 1954, long after the *Colonna* decision was rendered. Hence, the statement relied upon is not controlling here.

As this court said in the early case of *Birmingham* v. *Chesapeake, &c., R. Co.*, 98 Va. 548, 551, 37 S.E. 17, the object of an action and not its form determines which statute of limitations is applicable. See also *Food Corporation* v. *Dawley*, 202 Va. 543, 546, 118 S.E.2d 664, 667. In the case at bar, it is clear that plaintiff's object was to recover damages for personal injuries allegedly sustained through defendant's failure to properly fill his prescription for medicine.

We are aware of the division of authority that exists as to which

statute of limitation applies in an action for personal injuries grounded upon the breach of an implied warranty. This conflict of authority is discussed in 37 A.L.R.2d 703, *et seq.* There it is stated that "[t]he more commonly accepted view would seem to be that an action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injuries is controlling." 37 A.L.R.2d at 704. See also 34 Am. Jur., Limitation of Actions, § 103, pp. 83, 84.

The first sentence of § 8-24, which states "[e]very action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued" is clear and specific. It does not say that the limitation applies only to tort actions. The limitation applies to "[e]very action for personal injuries", whether it is based upon tort or contract. Since we find that plaintiff's object was to recover damages for personal injuries, it follows that the two-year limitation contained in § 8-24 is applicable.

Accordingly, the judgment appealed from is

*Affirmed.*