**Willie Lester DAVENPORT**

**v.**

**DESERET PHARMACEUTICAL COMPANY, C. R. Bard Company, Inc., and Dr. Ignacio Andueza.**

**Civ. A. No. 109–70–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

Jan. 19, 1971.

Jefferson B. Brown, Portsmouth, Va., for plaintiff.

Larry M. Topping, Newport News, Va., for Deseret Pharmaceutical Co.

Granger West, Newport News, Va., for C. R. Bard, Inc.

Palmer S. Rutherford, Jr., Norfolk, Va., for Dr. Andueza.

## MEMORANDUM ORDER

WALTER E. HOFFMAN, Chief Judge.

This action was filed on August 21, 1970, alleging negligence and breach of warranty in connection with an alleged defective catheter manufactured by Deseret Pharmaceutical Company; purchased by C. R. Bard Company from Deseret; in turn sold by C. R. Bard to Riverside Hospital in Newport News; and thereafter applied by Dr. Ignacio Andueza to plaintiff on November 28, 1966.

The injury, occurring in Virginia, is governed by the two-year statute of limitations. Code of Virginia, section 8–24. However, plaintiff was admittedly born on August 20, 1947, and his two-year limitation period did not begin to run until he attained the age of twenty-one years. Code of Virginia, section 8–30.

While C. R. Bard contends that, since the law declines to take notice of any part of a day, plaintiff's right to maintain this action expired at midnight on August 19, 1970, and Deseret argues that plaintiff's right to bring the case terminated on August 20, 1970, we have no occasion to define such niceties. We are not concerned with a Saturday, Sunday, or legal holiday. Whatever may be the merits of C. R. Bard's argument, it is unmistakingly clear that, at the latest, the right to maintain this action expired on August 20, 1970, and the complaint filed on August 21, 1970, is subject to the statute of limitations and is time-barred. Morgan v. Schlanger, 374 F.2d 235 (4 Cir., 1967); Hawks v. DeHart, 206 Va. 810, 146 S.E.2d 187 (1966). Whether the action sounds in tort or warranty the limitation is the same. Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d 257 (1969); Friedman v. Peoples Service Drug Stores, Inc., 208 Va. 700, 160 S.E.2d 563 (1968).

When a hearing was conducted on December 11, 1970, it was agreed that the issue of the statute of limitations raised by all three defendants should be treated as a motion for summary judgment. The matter was argued and briefed, following which counsel for plaintiff requested until January 4, 1971, to respond. No memorandum in opposition to the motion having been filed, the Court assumes that counsel for plaintiff cannot controvert either the facts or the law set forth herein.

Only one other point merits discussion. Following service upon Deseret on August 26, 1970, Deseret, by counsel, filed a document entitled "Plea to the Statute of Limitations" on September 10, 1970. In reading the body of the document it appears to be a motion to dismiss predicated upon the Virginia statute of limitations. Plaintiff, perhaps realizing that the statute was applicable, filed a motion for judgment on the pleadings on September 28, 1970, directed to Deseret, correctly pointing out that Rule 7(c), Federal Rules of Civil Procedure, has abolished all "pleas." It is true that the statute of limitations is an affirmative defense specified under Rule 8(c) and should have been so stated in an answer, as was the situation with respect to the other defendants, C. R. Bard Company and Dr. Andueza. Thereafter, on October 19, 1970, Deseret filed a motion to enlarge the time for answering. Of course, such motion was filed after the 20-day period for answering. Thus, plaintiff argues, Deseret

was in default as the plea filed on September 10, 1970, was a nullity.

Aside from the fact that the court has discretion to permit the answer to be belatedly filed and/or grant leave to amend the timely document filed on September 10, 1970, the complaint does not mention the fact that plaintiff was an infant on November 28, 1966, when the cause of action arose. Reading the complaint one would believe that plaintiff was an adult bringing an action on August 21, 1970, for injuries occurring on November 28, 1966. On the face of the complaint nearly four years had elapsed. Such being the case, and reading the body of the document filed September 10, 1970, it appears to be a motion to dismiss optionally filed under Rule 12(b) (6)—failure to state a claim upon which relief can be granted. The same Rule thereafter states:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

While the Court would have, in the exercise of its discretion, permitted either an amendment to the document filed September 10, 1970, or leave to file a belated answer, we believe that Rule 12(b) (6) is applicable to this case and the defense of the statute of limitations, where the limitation appears on the face of the complaint, is properly raised by a motion to dismiss—but not by a "plea." Century Hardware Corp. v. Powernail Co., 282 F.Supp. 223 (D.C.Wis., 1968); Chambliss v. Coca-Cola Bottling Corp., 274 F.Supp. 401 (D.C.Tenn., 1967).

Having heretofore denied plaintiff's motion for judgment on the pleadings against Deseret at the hearing on December 11, 1970, and treating Deseret's document filed September 10, 1970, as a motion to dismiss under Rule 12(b) (6), and further treating said motion and the affirmative defenses asserted by C. R. Bard Company, Inc., and Dr. Ignacio Andueza as motions for summary judgment in accordance with the hearing of December 11, 1970, it is

Ordered that the motions for summary judgment be, and they hereby are, granted, and it is further ordered that this action be, and it hereby is, dismissed at the costs of the plaintiff.