Susan H. **TYLER**

v.

**R. R. STREET & CO., Inc.**

Bertha Irene **TERRY**

v.

**R. R. STREET & CO., Inc.**

Civ. A. Nos. 256–69–R, 257–69–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 18, 1971.

**542**

Marvin F. Cole, Cole, Wells & Brad-shaw, Richmond, Va., for plaintiffs.

Frank B. Miller, III, Sands, Anderson, Marks & Clarke, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiffs in the above styled actions were allegedly injured by the fumes emitted from a product known as "Picrin," manufactured by the defendant named above. The plaintiffs are citizens of Virginia, and the defendant is an Illinois corporation. The amount in controversy in each action exceeds $10,000.00. 28 U.S.C. § 1332.

At the time of the injuries, allegedly caused by "Picrin," both plaintiffs were employed by Thalhimer Brothers, Inc., at the Azalea Shopping Center store in Henrico County, Virginia. They were seamstresses, and used "Picrin" during the course of their duties to remove spots from garments.

Plaintiff Tyler first reported an injury on March 13, 1967. Mrs. Terry also became injured on the same date, though no report was made until some months later.[1] The original complaints in both actions were filed on June 17, 1969. In amended complaints filed at a later date the plaintiffs allege breach of warranty under the Uniform Commercial Code,

Va.Code Ann., Vol. 2A(1965); breach of common law warranties; and common law negligence.

One of the defenses raised by the defendant is that the actions are barred by the applicable statute of limitations. It is that contention which is presently before the Court.

■ It is uncontroverted that the applicable Virginia statute of limitations will apply, this being a matter of state substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); cf. Sides v. Richard Machine Works, Inc., 406 F.2d 445 (4 Cir. 1969). However, research fails to disclose any cases in which a Virginia court has had occasion to construe the statutes in an instance where the alleged cause of action arose after the Uniform Commercial Code became effective in Virginia. The instant cases present such an instance. See Va.Code Ann. § 8.10–101 (1965).[2] Consequently, this Court must attempt to interpret the law in such a fashion as to coincide with the way in which the Supreme Court of Appeals of Virginia would decide the question.

The defendant contends that Va.Code Ann. § 8–24 (1957 Repl. Vol.) is the controlling statute, and consequently bars the causes of action. Section 8–24 reads, in relevant part:

Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. * * *

■ When § 8–24 applies, it begins to run from the date of injury. Sides v. Richard Machine Works, Inc., *supra* at 446; Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d 257 (1969). It is uncontroverted that the original injuries

---

1. Each use of "Picrin" thereafter, if it injured the plaintiffs at all, injured them anew.

2. In this case, unlike the factual situation in Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d 257 (1969), both

the injury and the purchase were made after January 1, 1966. In *Caudill* even though the injury occurred in 1967, the car was purchased in 1964, thereby precluding any argument that Va.Code Ann. § 8.2–725 (1965) might apply.

occurred more than two years before the commencement of the actions.[3]

The plaintiffs argue, however, that the statute of limitations set out in the Uniform Commercial Code, specifically Va.Code Ann. § 8.2–725 (1965), is controlling, and that the actions therefore were timely brought. § 8.2–725 reads as follows:

§ 8.2–725. *Statute of limitations in contracts for sale.*—(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made * * *.

The basis of the plaintiffs' contention is that by having stated a cause of action predicated upon a breach of warranty under the Uniform Commercial Code, they are actually alleging a breach of contract. Therefore, they have four years from the date of delivery to bring the action a time within which the action, apparently was commenced.

█ The Court is of the opinion, based on cases construing Virginia law, that § 8–24 is the proper statute to be applied. The basis for that holding is Friedman v. Peoples Service Drug Stores, Inc., 208 Va. 700, 160 S.E.2d 563 (1968). See also, Sides v. Richard Machine Words, Inc., *supra* and Caudill v. Wise Rambler, Inc., *supra*, wherein Friedman was cited with approval.

█ In *Friedman*, which did not involve the Uniform Commercial Code, the plaintiff brought an action for injuries sustained through defendant's alleged failure to properly fill plaintiff's prescription for medicine. The plaintiff admitted that he was barred from bringing an action for personal injuries due to § 8–24, but alleged that he was bringing an action for breach of warranty involving personal injuries, and therefore the three year time limit prescribed by Va. Code Ann. § 8–13 (1970 Cum.Supp.) applied.[4] The Virginia Supreme Court of Appeals rejected the plaintiff's argument, holding that § 8–24, and thus the two-year limitation, does not apply only to tort actions, but to every action for personal injuries, whether it is based upon tort or contract. *Id.*, 160 S.E.2d at 566. Therefore, the wrong alleged, not the form of the action, is what counts in the measurement and application of the appropriate limitation. Sides v. Richard Machine Works, Inc., *supra*, 406 F.2d at 448; Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d at 259.

As the Court has stated, the Virginia Supreme Court of Appeals has not yet had occasion to decide the applicable statute of limitations as between § 8–24 and § 8.2–725. However, since both § 8–13 and § 8.2–725 refer to actions in contract, it is not difficult to draw an analogy between § 8–24 as opposed to § 8–13, and § 8–24 as opposed to § 8.2–725.[5] It would appear, on the basis of *Friedman*, that Virginia would hold that § 8–24 applies in all cases in which a personal injury is involved, regardless of whether § 8.2–725 or § 8–13 is in issue, and this Court now so holds. Therefore, the actions based upon injuries occurring before June 17, 1967, that being two years before commencement of the actions, are barred by § 8–24 as to

---

3. This is without regard to the problem of continuing causes of action.

4. § 8–13. *Limitation of personal actions generally.*—Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring same shall have first accrued, that is to say:

    * * * * *

    If it be upon any other contract express or implied within three years. * * *

5. Va.Code Ann. § 8–13 (1970 Cum.Supp.) still applies in the proper case. See Va. Code Ann. § 8.1–103 (1965).

all theories of recovery alleged by the plaintiffs.

However, the Court's inquiry does not end at a determination of which statute of limitations applies. The plaintiffs allege that they continued to use "Picrin" within the two year period, and that each new use caused injury to them. They claim that they were the victims of continuing negligence, and are therefore entitled to recovery for any damage suffered after June 17, 1967. The defendant contends that even though there may have been a continued injury, there is only alleged by the plaintiffs one act of negligence, that being a failure to warn.

In alleging negligence based upon a failure to warn, the plaintiffs are in effect alleging that the defendant was under a duty to warn them of the harmful effects of "Picrin," and was negligent in failing to so do. Such a duty would be a continuing duty, and negligence in failing to carry out that duty would be continuing negligence.

Therefore, if there was negligence in failing to warn, then such negligence would be continuing negligence, thereby giving the plaintiffs an opportunity to prove that such alleged negligence was the cause of any injuries suffered by them within two years of commencement of the causes of action. This is so even though the original injuries are barred by the applicable statute of limitations. See City of Richmond v. James, 170 Va. 553, 197 S.E. 416 (1938).

An order will issue consistent with this memorandum.