Robert Dexter **CAMPBELL**, Plaintiff,

v.

**COLT INDUSTRIES, INC.**, et al.,
Defendants.

Civ. A. No. 72–C–32–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 24, 1972.

Harvey S. Lutins, Gordon H. Shapiro, Roanoke, Va., for plaintiff.

Richard C. Rakes, Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendants.

## RULING ON MOTION TO DISMISS

DALTON, District Judge.

This is a personal injury action based upon negligence and breach of warranty. The plaintiff in the case purchased from defendant, K–Mart Enterprises, a revolver manufactured by defendant, Colt Industries, on or about September 17, 1968. The complaint alleges that the trigger mechanism was defective, thereby causing the gun to discharge on or about February 24, 1970, injuring plaintiff's foot. The present action was filed in this court on February 24, 1972.

Jurisdiction is based upon diversity, 28 U.S.C. § 1332. Plaintiff is a resident of Virginia.

Defendant, Colt Industries, is incorporated under Delaware law and has its principal place of business in Connecticut.

Defendant, K–Mart Enterprises, is a Michigan Corporation as is its parent corporation, S. S. Kresge Company, which is also a party defendant.

Defendants, K–Mart Enterprises and S. S. Kresge Company, have moved to dismiss this suit on the ground that it is barred by the Virginia two year statute of limitations, § 8–24 of the Virginia Code, and that plaintiff's complaint fails to state a cause of action upon which relief may be granted.

It is the opinion of this court that plaintiff has stated a cause of action upon which relief may be granted. All the necessary allegations for negligence and breach of warranty are present.

With respect to the statute of limitations defense, defendants allege that the cause of action was filed more than two years after the purchase of the product and more than two years after the alleged injury. The dates involved are September 17, 1968, the approximate date of purchase, February 24, 1970, the approximate date of the injury, and February 24, 1972, the date the suit was filed.

Although plaintiff has stated the injury occurred on or about February 24, 1970, it is apparent that plaintiff intends this date to be the date of the injury. The burden is upon the defendants to prove that the injury occurred on some other date. No such proof has been offered in support of defendants' motion to dismiss. Therefore, in the absence of contrary evidence the suit was filed within two years of the injury.

Defendants' second contention, however, is that the cause of action accrues not from the date of injury but from the date of purchase, which was 1968, and the statute of limitations has now run. It has been decided by the Virginia courts that actions for breach of warranty are essentially personal injury actions rather than contract actions, and that the two year statute of limitations applies. Tyler v. R. R. Street and Co., 322 F.Supp. 541 (E.D.Va.1971); Davenport v. Deseret Pharmaceutical Co., 321 F.Supp. 659 (E.D.Va.1971); Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d 257 (1969); Friedman v. Peoples Serv. Drug Stores, 208 Va. 700, 160 S.E.2d 563 (1968).

The courts have also decided the question of when the statute of limitations begins to run for breach of warranty actions. In Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d 257 (1969), a warranty case, the court was faced with

precisely the same issue as in the present case. The court stated:

> Obviously, since the plaintiff had not been injured at the time she purchased the car, she could not then maintain an action for her injuries. To say, then, that her right of action accrued before her injuries were received is to say that she was without remedy to recover damages for her alleged injuries. Such an unjust and inequitable result is not the purpose of statutes of limitation. They are designed to compel the prompt assertion of an accrued right of action; not to bar such a right before it has accrued.

> A right of action cannot accrue until there is a cause of action . . . In the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him . . . Or, to state the matter another way, a plaintiff's right of action for damages for personal injuries does not accrue until he is hurt.

Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d 257, 259 (1969). Therefore, with respect to plaintiff's breach of warranty theory, the cause of action did not accrue and the statute of limitations did not begin to run until February 24, 1970.

In simple tort actions based solely on negligence theories the Fourth Circuit has held that the cause of action accrues upon the injury and not when the item was purchased. Sides v. Richard Machine Works, Inc., 406 F.2d 445 (4th Cir. 1969); Barnes v. Sears, Roebuck & Co., 406 F.2d 859 (4th Cir. 1969). These two cases were cited with approval in *Caudill*.

Based upon the foregoing decisions, the cause of action in the present case using either negligence or warranty theories did not accrue until the injury occurred. Since the case was filed within the requisite two-year period, it is not barred by the statute of limitations. Defendants' motion to dismiss is overruled.