## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Ruth K. Mulliken

v.

Sheraton Inns, Inc., and
Shannon-Fredericksburg Motor Inn, Inc.

January 21, 1977

By JUDGE JOHN A. JAMISON

I have given careful attention to the Memoranda of Authorities submitted by counsel in the above case on the question of the statute of limitations as applied to this cause of action.

The Defendants contend that § 35-10 of the Code concerning the duties of innkeepers and their limitations of liability required the filing of actions within one year from Plaintiff's accident although since that time it has been expanded to two years.

The Plaintiff contends that notwithstanding § 35-10, this action is controlled by § 8-24 of the Code, which states that "every action for personal injury shall be brought within two years," and cites *Friedman* v. *Peoples Service Drug Stores, Inc.*, 208 Va. 700, 160 S.E.2d 563 (1968). I understand [Defendant's] position to be that since § 35-10 enumerates certain duties which innkeepers have to protect the person and property of their guests, that the relationship between innkeepers and guests is a contractual one, the violation of which even though personal in nature would give rise to a cause of action which must be filed within one year.

In *Friedman, supra,* the Court says that even though there be a breach of warranty or contract as well as negligence, "It is the object of the Motion for Judgment and not its form which determines the limitations. This being an action for personal injury, the Court is of

the opinion that it is immaterial that there are allegations of breach of warranty or contract as well as negligence."

The situation appears to be the same in the instant case. Even though § 35-10 which lists the duties of innkeepers says that it shall be the duty of such innkeeper, "to take every reasonable precaution to protect the *person* and property of their guests and boarders," if we look at the real object of this suit, there can be little question that it is an action for personal injury and not one based upon the violation by the innkeeper of his statutory duties to his guests.

Also in *Friedman*, 37 A.L.R.2d 703, is referred to and the Court quotes from it as follows:

> [t]he more commonly accepted view would seem to be that an action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injuries is controlling.

And in its final paragraph, the Court continues:

> The first sentence of § 8-24 which states "[e]very action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued" is clear and specific. It does not say that the limitation applies only to tort actions (nor to contractual actions). The limitation applies to "[e]very action for personal injuries," whether it is based upon tort or contract. Since we find that plaintiff's object was to recover damages for personal injuries, it follows that the two-year limitation in Section 8-24 is applicable.

I believe that *Friedman* is controlling in the instant case and must hold that the statute of limitations in Section 8-24 is applicable and that § 35-10 is not a limitation upon § 8-24. Accordingly, the plea of the statute of limitations must be overruled.