## CIRCUIT COURT OF WARREN COUNTY

Cockrell

v.

Brogan

### December 23, 1982

### Case No. (Law) 6247

### By JUDGE HENRY H. WHITING

In this case the plaintiff contracted with the defendant, a surveyor, to survey a residential subdivision lot in September of 1973. The survey was furnished and paid for in October of 1973. The plaintiff, alleging reliance upon the survey, in 1974 erected a dwelling on the lot which encroached upon an adjacent property because of some alleged error in the survey. In July of 1981 when the adjacent lot was surveyed the alleged error was discovered in the plaintiff, a District of Columbia lawyer, filed this *pro se* law action against the surveyor in February of 1982.

The motion for judgment alleges four "causes of action":

(1) Willful, reckless and negligent performance of the survey work.

(2) Willful, reckless or negligent preparation of the survey so as to represent erroneously a distance on the survey.

(3) Payment of the $255.00 fee for the survey upon "the mistaken assumption that the defendant's representations as to the distance. . . were accurate."

(4) Breach of contract in the failure to indicate the boundary line accurately "within a few feet of their precise location."

## Causes of Action 1, 2 and 4

The defendant has filed plea of the statute of limitations alleging that Virginia Code § 8.01-250 bars the claim since the action was brought more than five years after the services were performed. Both parties have filed memoranda and the case is ripe for decision on the statute of limitations.

Plaintiff contends that his claim is one either for: (1) personal injury, § 8.01-243, perhaps a catch-all personal action, § 8.01-248, or (2) an action for breach of contract, § 8.01-246, and correctly recognizes that the crucial issue here is *when* the cause of action *accrued* as defined in Virginia Code § 8.01-230, modified by a delayed accrued date based on mistake under Virginia Code § 8.01-249.

Despite arguments in favor of the "discovery" rule, e.g., 63 Va. L. Rev. 1462, *et seq.*, in deciding when causes of action accrue, Virginia seems fully committed to the contrary rule that a cause of action accrues when the injury is sustained whether discovered or not, *Hawks v. DeHart*, 206 Va. 810 (1969), and that rule is codified in Virginia Code § 8.01-230. The recent case of *Locke v. Johns-Manville Corporation*, 221 Va. 951 (1981), reaffirmed the rejection for the "discovery" rule and again stated that both personal injury and property damage accrual dates are "from the date the injury is sustained in the case of injury to the person," or "when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is discovered." *Id.*, at 955 and 962, Virginia Code § 8.01-230. *Locke* held that the cause of action for breathing asbestos over a long period of time did not accrue until the plaintiff was *injured* and he was not injured until some time after the breathing when the cancer resulting therefrom appeared. As the Court pointed out, he could not have sued prior to that time because there would have been no injury and no damage. This case is unlike *Locke* but like *Virginia Military Institute v. King*, 217 Va. 751 (1977), where a cause of action against architects for an alleged improper design of a building accrued when the plans were finally approved and not when evidence of deterioration because of such defects was first noticed. As the Court pointed out in *VMI* "if the defects had been

discovered, VMI could have initiated legal proceedings against the architects." 217 Va. at 759. So, in this case if this property owner had discovered the mistake he could have sued the surveyor at that time and that being true his cause of action accrued at that time. This Court perceives no essential difference between defective building plans and a defective survey.

### Cause of Action 3

The payment of the surveyor's fee is alleged to have been made upon the mistaken belief that the survey was accurate. Paragraph 29 alleges, "As a result, plaintiff was damaged in the principal amount of $255.00," but then demands judgment for $20,000.00 for damages. Obviously, this third cause of action seeks to invoke the benefit of Virginia Code § 8.01-249.1 providing that the cause of action does not accrue "in actions for. . . mistake [until] such. . . mistake is discovered. Regrettably defendant supplies no authority to answer that contention, and this opinion has been delayed by the necessity of independent research by the Court. The plaintiff is not entitled to the relief he seeks in the third cause of action for a number of reasons.

(1) Even if he could obtain relief based on mistake, the mistake is, of course, related only to the payment of money; all the plaintiff could receive back is the money itself. He cannot expand on any such right to receive a refund of money to include damages for an alleged breach for the contract since that is an entirely different cause of action subject to different rules as to when the action accrued.

(2) If plaintiff seeks more than $255.00 on this cause of action, it is an effort to revive moribund causes of action for negligence or breach of contract by labelling them claims for recovery based on "mistake." The mistake he refers to is not a mistake "as to a basic fact." Restatement of Restitution, § 16c. That mistake must be so basic as to permit the one who was injured to avoid the contract. Restatement of Contracts, § 502. The examples given in the Restatement of Restitution, § 16, demonstrate that the alleged error in the boundary is not an error so basic as to permit the property owner to rescind the entire contract and recover the consideration paid the surveyor. The most the owner could do would be to recover

such damages as he may have sustained because of the error, such damages bearing no relation to the fee paid the surveyor but relating solely to the damage sustained by the owner by reason of the surveyor's alleged error.

(3) The surveyor accepted the money as justly due and, indeed, it appears that he had done most of the work. Restitution is not generally permitted where the money was justly due, see *Central National Bank v. First & Merchants Bank*, 171 Va. 289, 311 (1938), and while the Court cannot find a case exactly in point where perhaps not all the money is due, the same principle would seem to apply and relegate the payor to an action for damages, as outlined in the preceding paragraph. 66 Am. Jur. 2d, pages 1068-1069.

(4) The special statute, § 8.01-249, delaying accrual dates of actions for "fraud, or mistake [or] undue influence" until discovered or reasonably discoverable "represents an exception to the general rule" (Revisors' Notes thereto) as to when causes of action accrues but follows Virginia law. No case has been cited converting an action for surveyor's malpractice to mistake to delay the accrual of the cause of action. The Court must apply the well-established principle that, "The object of the action and not its form determines which statute of limitations is applicable." *Friedman v. Peoples Drug Store*, 208 Va. 700, 703 (1968). Clearly damages are sought in this case because of the surveyor's alleged negligence or breach of contract, not to recover money paid by mistake.

Although Cockrell has not pled injury to person, he has filed a memorandum setting that forth as a part of another basis for recovery. To save the Court's time and time of counsel, that claim is dealt with in this opinion.

This claim of personal injury alleges:

(1) A claim against Cockrell personally by his next-door neighbors either for money or damages for the encroachment or to require the dwelling to be moved; and

(2) Humiliation and mental suffering.

This claim for personal injury is an effort to delay the accrual of the cause of action from the date of the breach of contract or duty until the loss or injury occurred. Obviously if the injury involves injury to property *VMI* controls, but if injury to person is alleged that did not occur until the claims were made against Cockrell giving rise at least to mental anguish then the *Locke*

doctrine applies. This ingenuous approach to avoid the clear import of prior Virginia decisions as to when the cause of action accrues must fail.

Giving the plaintiff the benefit of every reasonable construction of what happened, the Court cannot see how a surveyor's alleged error meets the tests required to establish a recovery for purely emotional injuries. A brief quotation from *Womack v. Eldridge*, 215 Va. 338, 342 (1974), should suffice:

> We adopt the view that a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown: One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

The Court recognizes that the plaintiff has not actually pled emotional injuries, and this ruling is not intended to bar the plaintiff from an amendment if plaintiff deems it advisable. However, the Court fails to see how the plaintiff could prove a case within the *Womack* doctrine under the facts as the plaintiff has developed them thus far.

The pleas of the statute of limitations are sustained in all respects and the action will be dismissed on that ground, based on the pleadings as presently filed.