## CIRCUIT COURT OF WARREN COUNTY

George Wells et al.

v.

James G. Peacock et al.

Case No. (Law) 99-50-01

BY JUDGE JOHN E. WETSEL, JR.

April 24, 2000

This case came before the Court on April 17, 2000, on the Defendant Goode's Demurrer and Plea of the Statute of Limitations. James B. Pattison, Esquire, appeared for the plaintiffs; and Daniel L. Fitch, Esquire, appeared for the Defendant Goode. Upon consideration whereof, the Court has made the following decision to sustain the Demurrer.

### I. *Statement of Material Facts*

The Plaintiffs' action against Goode, a professional land surveyor, is based upon his having allegedly negligently performed a survey of property which the Plaintiffs purchased more than three years ago. The Plaintiffs allege that Goode's survey negligently failed to accurately identify certain portions of the Plaintiffs' property as being within a flood plain.

More than three years has elapsed between the closing on March 16, 1994, incident to which the survey was done and the filing of this action, and the Defendant Goode has filed a plea of the three year statute of limitations to the Plaintiffs' action against him.

The Plaintiffs have asserted a claim of constructive fraud based on the alleged negligently performed survey to avoid the serious problem posed by the application of the statute of limitations to their claim.

## II. *Conclusions of Law*

The three year statute of limitations applies to the negligence or breach of contract of the surveyor in this case. Virginia Code § 8.01-246; and *V.M.I. v. King*, 217 Va. 751 (1977) (three year statute of limitations applies to negligent design action against an architect). The failure to provide accurate information about the location of flood plains is very similar to a lawyer's failure to provide accurate information about the title to real property incident to a closing to which the Court has applied a three year statute of limitations against the lawyer. *See, Oleyar* v. *Kerr*, 217 Va. 88, 225 S.E.2d 398.

In the recent case of *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (1998), the Supreme Court expressly held that the plaintiff's couching his action against a contractor, who had allegedly made negligent misrepresentation about a project being built in conformance to the design documents, as a constructive fraud claim would not save the plaintiff from the application of the three year statute of limitations to his action.

The plaintiffs' reliance on *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 467 S.E.2d 778 (1996), is misplaced. Even though that case did deal with the alleged failure of a consulting engineer to adequately identify wetlands which is close on the facts, the Court never reached the issue in that case as to the applicable statute of limitations, so its ruling is limited to the issue of the elements of constructive fraud.

In *Board of Supvrs. of Fairfax v. Thompson*, 240 Va. 133 (1990), the plaintiff tried to escape the bar of the statute of limitations which applied to its 42 U.S.C. § 1982 action by characterizing his action as a declaratory judgment action. The Supreme Court rejected such a subterfuge and ruled that his action was barred by the statute of limitations stating that "the applicability of the statute of limitations is determined by the object of the litigation, not the form in which it is filed." *Board of Supvrs. of Fairfax v. Thompson Assocs.*, 240 Va. 133, 139 (1990), quoting *Friedman v. People's Service Drug Stores*, 208 Va. 700, 160 S.E.2d 563 (1968).

In this case, the plaintiff has asserted a constructive fraud right of action to try to escape the bar of the three year statute of limitations. While one wrongful act may give rise to several rights of action to which different statutes of limitation apply, *see, e.g., Carter v. Hinkle*, 189 Va. 1, 52 S.E.2d 135 (1949) (personal injury claim and property damage claim arising from the same accident), since "the applicability of the statute of limitations is determined by the object of the litigation, not the form in which it is filed," *Board of Supvrs. v. Thompson Assocs.*, 240 Va. 133, 139, 393 S.E.2d 201

(1990), a negligence action filed against a person with whom the plaintiff contracted for professional services is subject to the statute of limitations applied to a negligence action against that professional. Characterizing the action as a constructive fraud action will not extend the statute of limitations, because it is the object not the form of the action which determines which statute of limitations applies to the action.

Virginia Code § 8.01-230 specifically provides that "in every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date . . . when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is discovered . . . ." A negligence action against a surveyor accrues when the defective survey is delivered to the client. See V.M.I. v. King, 217 Va. 751, 759 (1977); accord Westminster Investing Corp. v. Lamps Unlimited, 237 Va. 543, 546-547, 379 S.E.2d 316, 317 (1989). Therefore, the statute of limitations in this case is not extended by the discovery rule applicable to fraud actions as the Plaintiffs claim.

### III. Decision

For the foregoing reasons, it is adjudged and ordered that the defendant's Demurrer is sustained, and the plaintiffs are granted leave to file an Amended Motion for Judgment on or before May 9, 2000, and the defendant shall have fifteen days from receipt thereof to file such response thereto as deemed advisable.

### June 29, 2000

This case came before the Court on June 26, 2000, on the Defendant Goode's Demurrer and Plea of the Statute of Limitations to the amended Motion for Judgment. James B. Pattison, Esq., appeared for the Plaintiff; and Daniel L. Fitch, Esq., appeared for the Defendant, Goode.

Upon consideration whereof, it is adjudged and ordered that the Defendant's Plea of the Statute of Limitations is granted because the Plaintiffs in this case either contracted to have the survey performed or they are the third-party beneficiaries of the contract for the performance of the survey and, in either case, the negligent performance of the contract or the performance of the survey is an action to which the three-year Statute of Limitations applies for the reasons stated in this Court's order of April 24, 2000, which reasons are incorporated herein.

Given the Court's ruling on the Plea of the Statute of Limitations, it is not necessary to consider the Demurrer, but, had it done so, the Court would have overruled the Demurrer. The Defendant Goode's Plea of the Statute of Limitations is sustained, and this action is dismissed with prejudice as to the Defendant Richard U. Goode.