**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1430**

BOBBIE G. BONHAM,

             Plaintiff - Appellant,

      v.

GLENN M. WEINRAUB, D.P.M.,

             Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:09-cv-00358-jct)

Submitted: January 10, 2011          Decided: February 24, 2011

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

James J. O'Keeffe, IV, Monica T. Monday, Lauren E. Davis, GENTRY, LOCKE, RAKES & MOORE, LLP, Roanoke, Virginia, for Appellant. Joseph M. Rainsbury, John T. Jessee, Nancy F. Reynolds, LECLAIRRYAN, A PROFESSIONAL CORPORATION, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobbie Bonham appeals the district court's order dismissing her civil action against Dr. Glenn M. Weinraub under Fed. R. Civ. P. 12(b)(6). On appeal, Bonham contends the district court erred in finding that her action was barred by the statute of limitations. We agree.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In deciding a motion to dismiss, the "judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). This court reviews de novo a district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6). Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161 (4th Cir. 2008).

In a suit based on diversity of citizenship, the substantive law of the forum state is controlling. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Colgan Air, Inc. v. Raytheon Aircraft Co., 407 F.3d 270, 275 (4th Cir. 2007). Similarly, state statutes of limitations are considered substantive law; therefore, if "the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery." Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945).

"Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243A (LexisNexis 2007).

> In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . . except . . . where . . . otherwise provided under § 8.01-233, subsection C of § 8.01-245, §§ 8.01-249, 8.01-250 or other statute.

Va. Code Ann. § 8.01-230 (LexisNexis 2007). Section 8.01-249 provides that a cause of action for fraud accrues "when such fraud . . . is discovered or by the exercise of due diligence reasonably should have been discovered."

In dismissing Bonham's action, the district court found that, in order to "avoid the personal injury statute of limitation," Bonham characterized Dr. Weinraub's tortious actions as fraudulent. The district court concluded that this characterization had no bearing on the applicable statute of limitations, applying the reasoning that "an action to recover for personal injuries is, in essence, a personal injury action, and regardless of whether it is based upon an alleged breach of an implied warranty or upon an alleged tort, the limitations statute governing actions for personal injuries is controlling."

3

_Friedman v. Peoples Serv. Drug Stores, Inc._, 160 S.E.2d 563, 565 (Va. 1968).

We conclude the district court reached an incorrect conclusion. Here, the parties agreed that the limitations period in question is two years, as prescribed in § 8.01-243A. The parties differed, however, as to when Bonham's cause of action accrued. Under the framework proposed by the Defendants and adopted by the district court, § 8.01-230 applied, establishing that Bonham's cause of action accrued on the date of the injury. In this instance, this would be June 9, 2005, the date of Bonham's surgery. However, Bonham argues that § 8.01-249 applies, establishing that her cause of action accrued on the date she discovered or reasonably should have discovered Dr. Weinraub's alleged fraud. This date was sometime in October 2007, when she consulted other doctors about her condition.

Virginia courts determine the applicable statute of limitations by reference to "the object of the litigation and the substance of the complaint, not the form in which the litigation is filed." _Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity_, 587 S.E.2d 701, 707 (Va. 2003). After reviewing the record, we conclude that the district court erroneously characterized Bonham's action as one for negligence and therefore incorrectly applied the accrual rules of § 8.01-

4

230. In her complaint, Bonham properly alleged facts and arguments giving rise to a cause of action for fraud, on which her reliance resulted in unnecessary surgery and additional pain and suffering. City of Richmond, Va. v. Madison Management Group, 918 F.2d 438, 447 (4th Cir. 1990) (stating elements of fraud). Both the object of the litigation and the substance of the complaint indicated that Bonham's action asserted Dr. Weinraub's intentional fraud, not an accidental misdiagnosis or negligent treatment. Nor can we agree that Bonham's assertion of fraud is a mere pleading artifice to evade the statute of limitation accrual rules that would attend a cause of action for negligence. By pursuing a theory of fraud rather than negligence, Bonham shoulders a different, and more challenging, burden of proof. But that is the litigant's prerogative, which the district court should honor, at least at the pleading stage of the litigation.* Accordingly, we hold that the district court erred in categorizing her action as one for negligence, rather than fraud.

The district court also erred in holding that any fraud action alleged by Bonham would still be considered malpractice under the definitions of the Medical Malpractice

---

* We have no occasion to consider whether Bonham's complaint can or will survive an appropriate summary judgment motion or other motion by the Defendant to seek judgment prior to trial.

Act, Virginia Code. § 8.01-581.1, and would therefore be governed by the statute of limitations provisions of § 8.01-243C. As noted above, the two-year statute of limitations was not in dispute. Rather, the issue is whether to apply the general personal injury accrual rules provided by § 8.01-230, or the specific fraud accrual rule found in § 8.01-249. By its plain language, § 8.01-230 is limited by application of § 8.01-249 in cases of fraud. Applying § 8.01-249, Bonham's cause of action accrued on the date that Dr. Weinraub's alleged fraud was discovered, in October 2007. Thus, her complaint, filed in August 2009, was filed within the two-year limitations period.

Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument will not aid the decisional process.

<u>VACATED AND REMANDED</u>