Margie L. BENNETT, Plaintiff,

v.

Laurence J. CLARK, M.D., and Northern Virginia Internal Medicine Associates, P.C., Defendants.

No. Civ.A. 99–596–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 5, 1999.

David M. Kopstein, Springfield, VA, for Plaintiff.

Tara M. McCarthy, Manassas, VA, for Defendant.

## MEMORANDUM OPINION

CACHERIS, District Judge.

The issue before the Court is the scope of the medical malpractice Continuing Treatment Rule, which requires that treatment by physicians be continuous and substantially uninterrupted. In particular, the Court must determine if Defendants' treatment of Plaintiff from 1991 through 1997 was continuous and substantially uninterrupted even though Plaintiff took an eleven-month hiatus during this period and received treatment for the same medical conditions from a different doctor.

Defendants argue that their treatment was not continuous and substantially uninterrupted and now bring a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), claiming that Plaintiff's case is barred by the statute of limitations. Because both parties rely on documents outside the pleadings, the Court will treat this matter as a Motion for Summary Judgment.

For the reasons set forth below, the Court finds that the Defendants' treatment and examination of Plaintiff was not continuous and uninterrupted. As such, Defendants' Motion is GRANTED.

## I. STATEMENT OF FACTS

Plaintiff Margie L. Bennett suffers from cancer of the lung. During the time period relevant to this case, Plaintiff belonged to a health care plan that required her to select a Primary Care Physician ("PCP") and in 1991, she chose Dr. Laurence J. Clark as her PCP. On April 29, 1999, Plaintiff filed suit in this Court against Dr. Clark and Northern Virginia Internal Medicine Associates, P.C. Plaintiff alleges that Defendants, during their continuous treatment of her chronic pneumonia, breached their duty to her by failing to

perform the appropriate follow-up procedures. As the result of this negligence, Plaintiff claims that the diagnosis of her lung cancer was delayed until it became incurable.

All parties have agreed by stipulation to several facts regarding relevant dates of treatment. First, the alleged deviations from the standard of care upon which the Plaintiff relies occurred, if at all, prior to June 1996. (Stipulations of Fact ¶ 1.) Secondly, Plaintiff was a patient of Defendants from approximately 1991 through June 1996. (Stipulations ¶ 2.) Finally, from at least July 1996 through at least May 1997. Plaintiff was not a patient of the Defendants. (Stipulations ¶ 3.)

Toward the end of June 1996, Plaintiff switched her PCP and became the patient of Dr. Samuel Rodd, who was not associated with Dr. Clark's practice. During this time, Plaintiff admits that Dr. Rodd treated her for chronic pneumonia and lung-related problems. (R. at 8.)

In either May or June 1997, Plaintiff again selected Dr. Clark as her PCP. Plaintiff alleges that Dr. Clark resumed his treatment of her chronic pneumonia condition and continued to see her for lung-related problems until December 1997. On April 29, 1999, Plaintiff filed suit against Defendants, seeking monetary damages.

As affirmative defenses, Defendants assert the expiration of the statute of limitations as well as Plaintiff's failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

A Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6) is the proper vehicle for raising the defense of the statute of limitations. *Davenport v. Deseret Pharmaceutical Co.*, 321 F.Supp. 659, 661 (E.D.Va. 1971). When a defendant moves to dismiss and "presents matters outside the pleadings that are not excluded by the court, the dismissal motion must be treated as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure." *Farmer v. Employment Sec. Comm'n*, 4 F.3d 1274, 1278 n. 8 (4th Cir.1993). *See Jakubiak v. Perry*, 101 F.3d 23, 24 n. 1 (4th Cir.1996). Because both parties in this case rely heavily on documents and affidavits outside the pleadings, the Court will treat the Defendant's Motion to Dismiss as if it were a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

Summary judgment is proper when, viewed in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Runnebaum v. NationsBank of Maryland, N.A.*, 95 F.3d 1285, 1287 (4th Cir.1996). The essence of the inquiry made by the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. ANALYSIS

Defendants assert that Plaintiff's case is time-barred. Because jurisdiction in this case is based on the diversity of citizenship, this Court must examine Virginia law to ascertain the applicable statute of limitations and determine the moment at which a claim accrues under the relevant statute. *Granahan v. Pearson*, 782 F.2d 30, 31 (4th Cir.1985).

Section 8.01–243 of the Virginia Code states that a plaintiff must file suit for personal injuries within two years after the claim accrues. Va.Code Ann. § 8.01–243 (Michie 1998). The Code also states that a claim accrues and the statute of limitations begins to run when a plaintiff is injured. Va.Code Ann. § 8.01–230. As such, the issue in cases raising the statute

of limitations revolves around the timing of plaintiff's injury.

## A. The Continuing Treatment Rule

■ To determine when a plaintiff's injury occurred in a medical malpractice case, Virginia follows the Continuing Treatment Rule, which serves as an exception to the two-year limitations period for personal injury claims. *See Grubbs v. Rawls*, 235 Va. 607, 611, 369 S.E.2d 683, 685–86 (1988). The leading case in this area, *Farley v. Goode*, 219 Va. 969, 252 S.E.2d 594 (1979), held that

> when malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment if any, for the particular malady terminates.

*Id.* at 976, 252 S.E.2d at 599.

The Virginia Supreme Court, relying on *Farley* and explaining the Continuing Treatment Rule, has explicitly held that "if there existed a physician-patient relationship where the patient was treated for the same or related ailments over a continuous and uninterrupted course, then the plaintiff could wait until the end of that treatment to complain of any negligence which occurred during that treatment." *Rawls*, 235 Va. at 613, 369 S.E.2d at 687. As such, if the physician-patient relationship between Plaintiff and Defendants from 1991 through December 1997 was continuous and uninterrupted and for the same or related ailments, Plaintiff's claim would not accrue until December 1997 for statute of limitations purposes.

The issue in this case is whether Defendants' examination and treatment of Plaintiff was continuous and substantially unin-terrupted.[1] In her complaint, Plaintiff maintains that she was Defendants' patient from July 3, 1991 through June 21, 1996 and again from May 23, 1997 through December 16, 1997 and that throughout both periods, Defendants rendered continuous treatment to her chronic pneumonia condition. Although Plaintiff was the patient of Dr. Rodd between June 1996 and May 1997, she contends that the examination and treatment rendered by Defendants from 1991 until December 1997 was continuous and substantially uninterrupted. If this is the case, a combined reading of *Goode, Pearson* and the Virginia Code dictate that the claim accrued and the statute of limitations began to run in December 1997. Accordingly, the statute of limitations would expire in December 1999 and Plaintiff's case would not be time-barred.

Defendants contend that their treatment of Plaintiff was substantially interrupted when Dr. Rodd became Plaintiff's PCP, thereby terminating Plaintiff's course of care with Defendants in June 1996. If this is the case, a combined reading of *Goode, Pearson* and the Virginia Code dictate that the claim accrued and the statute of limitations began to run in June 1996. Accordingly, the statute of limitations would expire in June 1998 and Plaintiff's case would be time-barred.

## B. Conclusions of Law

■ This Court disagrees with Plaintiff's contention that Defendants' treatment from 1991 through December 1997 was continuous and substantially uninterrupted. Plaintiff substantially interrupted her physician-patient relationship with Defendants when she sought treatment and examination from Dr. Rodd for her lung-related complaints. At that point, Defendants no longer treated Plaintiff's pneumonia or lung condition. Rather, Plaintiff chose Dr. Rodd's medical advice regarding her lung-related problems.

---

1. A determination of whether or not Plaintiff was treated for the same or related ailments is irrelevant if the treatment was not continuous and uninterrupted. Because this Court finds that the treatment was not continuous and uninterrupted, no ruling will be made on the "same or related ailments" issue.

Because Plaintiff broke the continuity of Defendants' treatment between 1991 and 1997, she can not now categorize that treatment as continuous and substantially uninterrupted so as to benefit from the Continuous Treatment Rule. Under the Rule, Plaintiff's cause of action accrued and the statute of limitations began to run "when the improper course of examination, and treatment ... for the particular malady terminate[d]." *Farley*, 219 Va. at 976, 252 S.E.2d at 599. This Court holds that Plaintiff's examination and treatment by Defendants ended in June 1996, when Dr. Rodd began to treat her lung-related problems. As such, the two-year statute of limitations expired in June 1998 and Plaintiff's suit is time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT Defendants' Motion to Dismiss.