**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FIBERLINK COMMUNICATIONS
CORPORATION,
             *Plaintiff-Appellee,*

v.

JOHN PATRICK JAMES MAGARITY,
             *Defendant-Appellant.*

No. 01-1425

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Dennis W. Dohnal, Magistrate Judge.
(CA-00-198-3)

Submitted: October 16, 2001

Decided: December 27, 2001

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

David G. Shuford, Charles M. Sims, LECLAIR RYAN, P.C., Rich-
mond, Virginia, for Appellant. Douglas M. Garrou, John Gary May-
nard, III, Wendell L. Taylor, HUNTON & WILLIAMS, Richmond,
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

John Patrick James Magarity appeals the dismissal of his suit against Fiberlink Communications Corporation on the basis that it was time-barred under the two-year statute of limitations imposed by California law. Because the existing record does not support the application of California law, we vacate the judgment against Magarity and remand for further proceedings.

### I.

Before the rift that gave rise to this litigation, Magarity was affiliated with Fiberlink as an employee, an investor, and a member of the board of directors. He was recruited for these roles by his lifelong friend, Fiberlink president James Sheward. Magarity never had a written contract with Fiberlink, but he and Sheward negotiated an oral agreement governing his relationship with the company. Magarity and Sheward finalized this oral agreement while riding in an airplane together in April 1994.

Magarity began working for Fiberlink in April 1994. He initially worked in California, where both Sheward and Magarity lived and worked prior to Magarity's recruitment. In January 1996, Magarity moved to Richmond, Virginia, and opened a Fiberlink office there. After this move, the relationship between Fiberlink and Magarity deteriorated. Fiberlink fired Magarity on September 3, 1997, and later removed him from its board of directors.

The disputes that led to Magarity's discharge also produced this suit. Fiberlink initiated the litigation by filing a complaint in the Eastern District of Virginia on March 28, 2000. Four weeks later, Magarity filed a counterclaim alleging breach of contract. As is relevant here, Magarity alleged that Fiberlink promised him a portion of

its common stock as a "signing bonus" but never delivered the stock to him.

At trial before a magistrate judge (by consent of the parties), Magarity and Sheward offered conflicting evidence regarding the terms of their agreement. The magistrate judge resolved these conflicts in Magarity's favor, finding as a fact that the agreement included a provision granting Magarity the right to receive Fiberlink common stock immediately upon joining the company. (This determination is not in dispute on appeal.) The magistrate nevertheless dismissed Magarity's claim, holding that it was time-barred under California law. In so holding, the magistrate judge noted the general proposition that the forum state, Virginia, "requires that the substantive law of the state in which a contract was made governs issues of construction and interpretation of the instrument." J.A. 592. The magistrate judge reasoned that this rule applied because Magarity's claim "involves an interpretation of what the oral contract consisted of." *Id.* Then, the magistrate determined (without explanation) that California was the "place of contracting," *id.*, and that Magarity's claim was therefore subject to California law, including its two-year limitations period. The magistrate concluded that Magarity's claim was untimely because it accrued—and the statute of limitations began to run—on the day Magarity was terminated:

> [I]t is unreasonable to conclude that he should have instituted formal action against his then-current employer, while he was being reassured as to the validity of his position. . . . At the same time, it is appropriate to fix the point for when the claim accrued as being when Magarity was on notice that Fiberlink was clearly adverse to him after his unsuccessful efforts up to that point.

*Id.* at 594. Because Magarity was terminated on September 3, 1997, the magistrate judge ruled that the two-year statute of limitations expired before this litigation commenced on March 28, 2000.[1]

---

[1]The magistrate judge stated that the statute of limitations on Magarity's claim stopped running when Fiberlink filed its suit, not when Magarity subsequently countersued. This is correct only if Magarity's claim relates back to the claims asserted by Fiberlink. *See Al-Abood v. El-Shamari*, 217 F.3d 225, 234 & n.5 (4th Cir. 2000). That issue has not been raised on appeal.

## II.

### A.

We begin our analysis with a review of applicable rules. When exercising jurisdiction over claims arising under state law, federal courts look to the law of the forum state to determine the applicable statute of limitations. *See Ragan v. Merchs. Transfer & Warehouse Co.*, 337 U.S. 530, 532 (1949). The federal court should apply the limitations regime of the forum state so that the outcome of the litigation will not depend on the choice of forum. *See Guar. Trust Co. v. York*, 326 U.S. 99, 110 (1945) ("[I]f a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery."). Thus, whenever the forum state applies its own limitations period, the same period applies in federal court, even if the forum state (and, by extension, the federal court) would apply foreign law to the underlying claim. *See Barry v. Donnelly*, 781 F.2d 1040, 1042 n.3 (4th Cir. 1986) (noting that claim filed in Eastern District of Virginia was governed by District of Columbia law but subject to Virginia statute of limitations).

The forum state here is Virginia, and we therefore must examine Virginia law. Virginia generally requires the application of its own statutes of limitations. *See Hospelhorn v. Corbin*, 19 S.E.2d 72, 73 (Va. 1942). For oral contracts, the limitations period is three years. *See* Va. Code Ann. § 8.01-246(4) (Michie 2000).

In some cases, Virginia applies a foreign limitations period in addition to its own, pursuant to a "borrowing statute." This statute provides, "No action shall be maintained on any contract which is governed by the law of another state or country if the right of action thereon is barred either by the laws of such state or country or of this Commonwealth." Va. Code Ann. § 8.01-247 (Michie 2000). Thus, if the contract between Magarity and Fiberlink is "governed by the law of another state," then Magarity's claim is subject to the statute of limitations imposed by that state (as well as § 8.01-264(4)). This rule lies at the heart of this appeal.

### B.

Without citing the borrowing statute, the magistrate judge applied the California statute of limitations. Magarity contends that this was

error under Virginia law for two reasons. First, he argues that borrowing principles do not apply because his claim is governed by Virginia law, not the law of another state. Second, he asserts that even if a foreign statute of limitations applies, the record does not support the selection of California as the appropriate state. We agree with the second assertion.

In support of his first argument, Magarity contends that his claim is not "governed by the law of another state" for purposes of § 8.01-247 because the claim alleges a breach of contractual obligations and the breach occurred in Virginia; thus, he asserts, Virginia law controls. We believe this argument misconstrues the statute, however. While we have not found any Virginia case law interpreting § 8.01-247, the plain meaning of the statutory language is clear. The statute refers to the law that governs the "contract," not the law that governs the claim. The law governing a contract is the law relating to the validity and interpretation of the contract itself, rather than the law regarding performance and breach. Thus, even if Virginia law controls the issues presented by Magarity's claim (a question we do not decide), the claim is subject to a borrowed statute of limitations if the validity and interpretation of the underlying contract are governed by the law of another state.

This conclusion implicates Magarity's second argument, which challenges the magistrate judge's choice of California as the state from which to borrow a statute of limitations. To determine whether this ruling was correct, we again turn to Virginia law. In Virginia, the validity and interpretation of a contract are governed by the law of the state in which the contract was formed. *See Lexie v. State Farm Mut. Auto. Ins. Co.*, 469 S.E.2d 61, 63 (Va. 1996). It is therefore necessary to determine where the contract between Magarity and Fiberlink was formed.

Unfortunately, it is impossible to make that determination based on the existing record. It is undisputed that the contract at issue here was executed on an airplane, but there is no evidence in the record indicating where the airplane was at the time (or even where the flight originated and landed). Consequently, we must vacate the magistrate judge's decision to apply California law.

On remand, the magistrate judge may be able to determine where the airplane was at the time the contract was formed. If the plane was flying over California, then Virginia law would presumably require the application of the California statute of limitations. If its location cannot be established, however, then the appropriate course under Virginia law is unclear.[2] In that event, it will likely be necessary for the magistrate judge to certify questions of law to the Virginia Supreme Court.[3]

### III.

There remains one additional question for our consideration. Fiberlink argues that even if we find California law inapplicable, the dismissal of Magarity's claim may be upheld on the alternative basis that the claim was time-barred under Virginia law. We conclude that this argument raises an issue that should be addressed by the magistrate judge (instead of or in addition to the issue discussed in the preceding section).

---

[2]While it is probably not uncommon for contracts to be formed on airplanes, ships, or other conveyances in unknown locations, we have found only one case involving this scenario. *See Lewis v. Atlas Corp.*, 158 F.2d 599, 601 (3d Cir. 1946). That court held that Illinois law governed the contract because, with the exception of the signing of documents on an airplane, all acts related to the contract occurred in Illinois. Under this rule, California law would govern the contract between Magarity and Fiberlink. We have no indication that Virginia would adopt this rule, however. *Cf. Jones v. R.S. Jones & Assocs.*, 431 S.E.2d 33, 34 (Va. 1993) (noting that Virginia has rejected application of the "most significant relationship" test to tort claims).

[3]Virginia law authorizes certification of questions to the Virginia Supreme Court by "the Supreme Court of the United States, a United States court of appeals for any circuit, a United States district court, or the highest appellate court of any state or the District of Columbia." Va. Sup. Ct. R. 5:42(a). We anticipate that questions from a magistrate judge exercising jurisdiction with consent of the parties will be regarded as questions from "a United States district court." *Cf. Chelette v. Harris*, 229 F.3d 684, 686 (8th Cir. 2000) (holding that magistrate judges exercising jurisdiction by consent have power to certify questions for immediate appeal pursuant to 28 U.S.C.A. § 1292(b) (West 1993)), *cert. denied*, 531 U.S. 1156 (2001).

At the core of Fiberlink's argument is a challenge to the determination by the magistrate judge that Magarity's claim did not accrue until the day he was terminated. In support of this determination, the court relied on *Zukowski v. Dunton*, 650 F.2d 30 (4th Cir. 1981). This reliance was misplaced, however. *Zukowski* rejected the application of a statute of limitations under circumstances similar to those here, but this decision was based on equitable principles, not a determination of when the claim accrued. *See id.* at 35. Furthermore, *Zukowski* applied the equitable doctrine of Maryland, not Virginia.

Under Virginia law, the statute of limitations on payment obligations begins to run the moment payment is due. *See Investor Assocs. v. Copeland*, 546 S.E.2d 431, 436 (Va. 2001). Payment of Magarity's signing bonus was due as soon as he began working for Fiberlink in April 1994. Thus, the limitations clock began to run in April 1994, not in September 1997.

The limitations clock may have been paused for some period, however, or Fiberlink may be estopped from asserting a statute of limitations defense. *See Jenkins v. Ford Motor Co.*, 498 S.E.2d 445, 449 (Va. Ct. App. 1998) (discussing equitable constraints on application of statute of limitations). Magarity has asserted that equitable principles apply, and, indeed, the magistrate judge applied such principles in reaching its (erroneous) determination that the limitations period began when Magarity was terminated. For these reasons, and in light of the fact-specific and discretionary nature of equitable tolling and estoppel, we will not consider the application of these doctrines in the first instance. Instead, we will allow the magistrate judge to determine when Magarity's claim accrued and whether he may benefit from equitable considerations.

## IV.

For the reasons stated above, we vacate the decision of the magistrate judge and remand for further proceedings. On remand, the magistrate judge should (a) attempt to determine what foreign statute of limitations applies under § 8.01-247 of the Virginia Code and whether that statute bars Magarity's claim or (b) consider whether Magarity's claim is barred under the Virginia statute of limitations.

*VACATED AND REMANDED*